THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SC INDUSTRIAL HOLDINGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN DEFENSE TECHNOLOGIES, LLC; WILLIAM JOSEPH CARA, LLC; WILLIAM UICKER; and ALEXIS MCPHEETERS, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTIONS TO SET ASIDE DEFAULT** <br><br> Case No. 4:22-cv-00075-DN-PK <br><br> District Judge David Nuffer |

Defendants American Defense Technologies, LLC and William Joseph Cara, LLC seek to set aside the entry of their default ("Motions to Set Aside Default").[1] Defendants argue that because they have now answered Plaintiff's Complaint and the parties have agreed to scheduling for the case, their default should be set aside to allow litigation on the merits.[2] However, Defendants offer no excuse or justification for failing to timely appear and respond to Plaintiff's Complaint; setting aside Defendants' default would prejudice Plaintiff; and Defendants fail to present a meritorious defense to Plaintiff's claims.

Therefore, Defendants fail to establish good cause to set aside their default, and their Motions to Set Aside Default[3] are DENIED.

---

[1] Motion to Set Aside Default Judgment as to Defendants American Defense Technologies, LLC and William Joseph Cara LLC ("Motion"), docket no. 49, filed Feb. 7, 2023; Amended Motion to Set Aside Default Judgment as to Defendants American Defense Technologies, LLC and William Joseph Cara LLC ("Amended Motion"), docket no. 50, filed Feb. 9, 2023 (collectively, "Motions to Set Aside Default"). Defendants' Motions to Set Aside Default are mistitled as motions to set aside default judgment. Default judgment has not entered against Defendants. The Motions to Set Aside Default are treated as motions to set aside the entry of default under FED. R. CIV. P. 55(c).

[2] Motion at 3-4; Amended Motion at 3-4.

[3] Docket no. 49, filed Feb. 7, 2023; docket no. 50, filed Feb. 9, 2023.

## DISCUSSION

"The preferred disposition of any case is upon its merits and not by default[.]"[4] "However, this judicial preference is counterbalanced by considerations of social goals, justice[,] and expediency, a weighing process which lies largely within the domain of the trial judge's discretion."[5]

FED. R. CIV. P. 55(c) provides that "the court may set aside an entry of default for good cause[.]"[6] "The principal factors in determining whether a defendant has met the good cause standard are: (1) whether the default was the result of culpable conduct of the defendant[;] (2) whether the plaintiff would be prejudiced if the default should be set aside [;] and (3) whether the defendant presented a meritorious defense."[7] Other relevant factors may also be considered.[8] But it is not necessary to consider all factors.[9] "If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone."[10]

Rule 55(c)'s good cause standard is not a high hurdle to meet. "[I]t is well established that the good cause required by [Rule] 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under FED. R. CIV. P. 60(b)."[11] Nevertheless, an entry of default will not be set aside

---

[4] *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

[5] *Id*.

[6] FED. R. CIV. P. 55(c).

[7] *Hunt v. Ford Motor Co.*, 65 F.3d 178 (Table), 1995 WL 523646, *3 (10th Cir. 1995) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)).

[8] *Id*.

[9] *Id*.

[10] *Id*.

[11] *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997).

"simply because a request is made by the defaulting party[.]"[12] The defaulting party must assert sufficient facts and present sufficient argument to demonstrate good cause.[13] Defendants in this case fail to meet this burden.

### Defendants' default was the result of culpable conduct

"Generally, a defendant's conduct is considered culpable if [the defendant] has defaulted willfully or has no excuse for the default."[14] Defendants assert that their delay in answering Plaintiff's Complaint was due to mistake, inadvertence, and excusable neglect based on a change of counsel within counsel's firm.[15] That is, the same firm continued as Defendants' counsel, but personnel changed. This is insufficient to explain, excuse, or justify Defendant's default.

Plaintiff served Defendants with summons, the Complaint,[16] and a motion seeking preliminary injunction or prejudgment writ of garnishment ("Preliminary Injunction Motion")[17] on November 4, 2022.[18] Defendants were required to appear and respond to the Complaint by November 28, 2022.[19] But Defendants did not do so until filing their Answer on January 5, 2023.[20] Defendants' asserted change of counsel occurred in the first week of January 2023,[21]

---

[12] *Gomes*, 420 F.2d at 1366.

[13] FED. R. CIV. P. 55(c).

[14] *Hunt*, 1995 WL 523646, *3 (citing *United State v. Timbers Pres.*, 999 F.2d 452, 454 (10th Cir. 1993).

[15] Motion at 2-3; Amended Motion at 2-3.

[16] Docket no. 2, filed Sept. 28, 2022.

[17] Motion for Preliminary Injunction; Alternative Motion for Prejudgment Writ of Garnishment ("Preliminary Injunction Motion"), docket no. 3, filed Sept. 28, 2022

[18] Affidavit of Service, docket no. 19, filed Nov. 22, 2022; Affidavit of Service, docket no. 20, filed Nov. 22, 2022 (collectively, "Affidavits of Service").

[19] FED. R. CIV. P. 6(a)(1)(C), 12(a)(1)(A)(i).

[20] Docket no. 35, filed Jan. 5, 2023.

[21] Motion at 3, Amended Motion at 3.

approximately five weeks after the deadline to respond; approximately four weeks after Plaintiff sought entry of Defendants' default;[22] and one day after the entry of Defendants' default.[23]

This change of personnel occurred long after the deadline for Defendants' response and, thus, has nothing to do with their failure to timely appear or respond to Plaintiff's Complaint by the November 28, 2022 deadline. Defendants fail to identify any efforts or diligence on their part to timely respond by the deadline, or any circumstances that caused or contributed to their failure to timely respond by the deadline. Defendants' default was the result of culpable conduct. This alone justifies the denial of Defendants' Motions to Set Aside Default.[24]

### Setting aside Defendants' default would further prejudice Plaintiff

Defendants argue that setting aside the entry of their default will not prejudice Plaintiff because they have now answered Plaintiff's Complaint and the parties have agreed to scheduling in anticipation of continued litigation.[25] But this does not justify setting aside Defendants' default and ignores the prejudice Plaintiff would suffer if Defendants' default were set aside. The parties were ordered to engage in scheduling discussions under the Rules,[26] and Plaintiff complied with its obligation.[27]

Defendants' conduct and inaction after being served with Plaintiff's Complaint demonstrates unreasonable and unjustified efforts to delay temporary and final relief being

---

[22] Motion for Entry of Default (American Defense Technologies, LLC), docket no. 23, filed Dec. 7, 2023; Motion for Entry of Default (William Joseph Cara, LLC), docket no. 24, filed Dec. 7, 2023.

[23] Entry of Default (William Joseph Cara, LLC), docket no. 33, filed Jan. 4, 2023; Entry of Default (American Defense Technologies, LLC), docket no. 34, filed Jan. 4, 2023

[24] *Hunt*, 1995 WL 523646, *3.

[25] Motion at 2-3; Amended Motion at 2-3.

[26] Order to Prepare schedule and Prepare for Case Management Conference, docket no. 11, filed Sept. 29, 2022.

[27] Attorney Planning Meeting Report ¶ 1.c. at 2, docket no. 43, filed Feb. 1, 2023; Scheduling Order, docket no. 45, filed Feb. 2, 2023.

granted to Plaintiff. Defendants failed to timely respond to Plaintiff's Complaint; untimely filed their Answer after entry of their default without first seeking to set aside their default and without stating a meritorious defense; and failed to respond to Plaintiff's Preliminary Injunction Motion. Defendants filed their Motions to Set Aside Default only after Plaintiff filed motions seeking default judgment against Defendants.[28] Defendants never responded to Plaintiff's motions seeking default judgment. And Defendants never filed a reply regarding their Motions to Set Aside Default despite Plaintiff's opposition identifying fundamental defects, including that Defendants failed to present a meritorious defense.[29]

In the three months after filing their Motions to Set Aside Default, Defendants have taken no action in the case. Indeed, Defendants' counsel sought and was permitted to withdraw as counsel based on assertions that "[c]ounsel's persistent attempts to communicate and maintain consistent communication with [Defendants] have been unsuccessful over the past several weeks."[30] Counsel's withdrawal resulted in further delay because activity in the case was thereby stayed for 21 days.[31] And despite Defendants being placed on notice that they must appear through counsel within that 21-day period or be subject to sanctions, including but not limited to default judgment,[32] Defendants failed to make an appearance.[33]

---

[28] Motion for Entry of Default Judgment (American Defense Technologies, LLC), docket no. 47, filed Feb. 6, 2023; Motion for Entry of Default Judgment (William Joseph Cara, LLC), docket no. 48, filed Feb. 6, 2023.

[29] Memorandum in Opposition to Motion to Set Aside Default Filed by Defendants American Defense Technologies LLC and William Joseph Cara LLC at 4-7, docket no. 53, filed Feb. 21, 2023.

[30] Motion for Withdrawal of Counsel at 1, docket no. 59, filed Apr. 13, 2023; Order on Motion for Withdrawal of Counsel, docket no. 60, filed Apr. 17, 2023.

[31] DUCivR 83-1.4(e)(1).

[32] Order on Motion for Withdrawal of Counsel ¶¶ 2-3 at 2.

[33] After entry of the order permitting counsel's withdrawal, Defendant William Uicker filed a *pro se* opposition to counsel's motion to withdraw, which purported to be on behalf of Defendants. Opposition to Withdrawal and Motion to Stay, docket no. 63, filed May 7, 2023. Mr. Uicker's *pro se* filing also requested that the case be stayed for 60 days to allow time for new counsel to be obtained. *Id*. Mr. Uicker's *pro se* filing is effective only for himself. The *pro se* filing is ineffective for Defendants because they are entities that may only appear through counsel.

5

Defendants' conduct and inaction have prejudiced Plaintiff's ability to obtain preliminary and final relief on its claims. The filing of an untimely Answer and a Scheduling Order does not relieve this prejudice. And setting aside Defendants' default would further prejudice Plaintiff, particularly where Defendants fail to present a meritorious defense to Plaintiff's claims.[34]

### Defendants fail to present a meritorious defense to Plaintiff's claims

Rule 55(c)'s factor of presenting a meritorious defense does not require the parties to "litigate the truth of the claimed defense" on a motion to set aside default.[35] "Rather, the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action."[36] But "[u]nlike the simple notice pleading required in original actions, the rule relating to relief from default . . . contemplates more than mere legal conclusions, general denials, or simple assertions that the movant has a meritorious defense."[37] "The rule requires a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious."[38]

Defendants make no effort to present a meritorious defense to Plaintiff's claims in their Motions to Set Aside Default. They make no factual assertions to support a meritorious defense. They do not even make a general assertion that a meritorious defense exists. At most, Defendants Motions to Set Aside Default refer to the filing of their untimely Answer.[39] But Defendants'

---

*United States v. Lain*, 773 Fed. App'x 476, 477 (10th Cir. 2019) ("Although individuals may represent their own personal interests without an attorney, artificial entities may appear in court only through licensed counsel.").

[34] *Infra* Discussion at 6-7.

[35] *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978).

[36] *Id*.

[37] *Id*.

[38] *Id*.

[39] Motion at 2-4; Amended Motion at 2-4; Answer.

Answer contains only general denials[40] and assertions of boilerplate affirmative defenses[41] that do not present a meritorious defense to be considered under Rule 55(c).[42] Therefore, Defendants fail to present a meritorious defense to Plaintiff's claims.

## Conclusion

Defendants offer no excuse or justification for failing to timely appear and respond to Plaintiff's Complaint and for their subsequent neglect.[43] Setting aside Defendants' default would prejudice Plaintiff.[44] And Defendants fail to present a meritorious defense to Plaintiff's claims.[45] Therefore, Defendants fail to establish good cause to set aside their default.

## ORDER

IT IS HEREBY ORDERED that Defendants' Motions to Set Aside Default[46] are DENIED.

Signed May 16, 2023.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[40] Answer at 2-9. Four days after filing their untimely Answer, Defendants filed a second answer. Answer, docket no. 36, filed Jan. 9, 2023. The second answer is not materially different than the original Answer for purposes presenting a meritorious defense under Rule 55(c).

[41] Answer at 9-10.

[42] *In re Stone*, 588 F.2d at 1319.

[43] *Supra* Discussion at 3-4.

[44] *Id*. at 4-6.

[45] *Id*. at 6-7.

[46] Docket no. 49, filed Feb. 7, 2023; docket no. 50, filed Feb. 9, 2023.