IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SC INDUSTRIAL HOLDINGS, LLC, a South Carolina Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN DEFENSE TECHNOLOGIES, LLC, a Utah Limited Liability Company; WILLIAM JOSEPH CARA LLC, a Delaware Limited Liability Company; WILLIAM UICKER, a Utah Citizen; and ALEXIS MCPHEETERS, a Utah Citizen,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO QUASH SERVICE OF PROCESS<br><br>Case No. 4:22-cv-00075-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Defendant Luann Uicker's Motion to Quash Service of Process.[1] For the reasons discussed below, the Motion is denied.

## I. BACKGROUND

Plaintiff filed its Amended Complaint, which added Luann Uicker as a defendant, on August 28, 2023.[2] Thereafter, Plaintiff attempted to effectuate service of process on Ms. Uicker. Plaintiff hired a process server who went to Ms. Uicker's address—the same address she has used on her Court filings—on seven separate occasions. During these attempts, the process server spoke to an unknown individual who provided differing responses as to Ms. Uicker's whereabouts. During one attempt, contact was made with a neighbor who stated that Ms. Uicker

[1] Docket No. 121, filed January 2, 2024.

[2] Docket No. 86.

was at home during the prior attempt. Because of these repeated unsuccessful attempts and the discussion with Ms. Uicker's neighbor, the process server suspected that she was attempting to avoid service.

Plaintiff sought leave of the Court to serve Ms. Uicker by alternative means. The Court found that Plaintiff had been diligent in its efforts to serve Ms. Uicker and permitted alternative service by email and voicemail. Plaintiff completed service by these means on December 14, 2023. The following day, Ms. Uicker contact Plaintiff's counsel, who provided her copies of the summons and Amended Complaint.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5), a "defendant may object to plaintiff's failure to comply with the procedural requirements for proper service set forth in or incorporated by Rule 4."[3] Motions under these provisions "differ from the other motions permitted by Rule 12(b) somewhat in that they offer the district court a course of action—quashing the process without dismissing the action—other than simply dismissing the case when the defendant's defense or objection is sustained."[4] The plaintiff has the burden of establishing the validity of service.[5] If a plaintiff fails to meet their burden, the Court has "broad discretion to

[3] *Richardson v. All. Tire & Rubber Co.*, 158 F.R.D. 475, 477 (D. Kan. 1994) (quoting Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1353 (2d ed. 1990)) (hereinafter Fed. Prac. & Proc.).

[4] Fed. Prac. & Pro. § 1354 (3d ed. 2004).

[5] *FDIC v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).

dismiss the action or to retain the case but quash the service that has been made on the defendant."[6]

Pursuant to Federal Rule of Civil Procedure 4(e)(1), the Court may allow service of process in accordance with the state where the district court is located. In Utah,

> [i]f the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, if service upon all of the individual parties is impracticable under the circumstances, or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means. An affidavit or declaration supporting the motion must set forth the efforts made to identify, locate, and serve the party, or the circumstances that make it impracticable to serve all of the individual parties.[7]

"To meet the reasonable diligence requirement, a plaintiff must take advantage of readily available sources of relevant information. A plaintiff who focuses on only one or two sources, while turning a blind eye to the existence of other available sources, falls short of this standard."[8] Thus, "[t]he reasonable diligence standard does not require a plaintiff to exhaust all possibilities to locate and serve a defendant. It does, however, require more than perfunctory performance."[9]

Ms. Uicker's Motion to Quash presents two primary arguments. First, Ms. Uicker argues that Plaintiff should have attempted other means of service before seeking alternative service. This argument, however, ignores the efforts Plaintiff made to personally serve Ms. Uicker. As noted, Plaintiff hired a process server who attempted to effectuate service of process at Ms.

---

[6] Fed. Prac. & Pro. § 1354; *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983) ("We note that when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.").

[7] Utah R. Civ. P. 4(d)(5)(A).

[8] *Jackson Constr. Co. v. Marrs*, 2004 UT 89, ¶ 20, 100 P.3d 1211.

[9] *Id.* ¶ 19 (internal quotations marks and citations omitted).

Uicker's home seven times over a series of months. While it is true that Plaintiff could have attempted other means before seeking alternative service, the law does not require "a plaintiff to exhaust all possibilities to locate and serve a defendant."[10] Therefore, the Court rejects Ms. Uicker's arguments concerning Plaintiff's prior service attempts.

Ms. Uicker next argues that the service methods used by Plaintiff—email and voicemail—are insufficient to provide notice. Due process requires that service of process be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[11] "To be sure, the Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond."[12] "[W]hether a particular method of notice is reasonable depends on the particular circumstances."[13]

Here, the Court finds that the alternative service methods were sufficient to apprise Ms. Uicker of the pendency of the action and to afford her an opportunity to respond. Indeed, Ms. Uicker contacted counsel the day after she received his voicemail and was provided copies of the summons and Amended Complaint. Ms. Uicker then filed this Motion contesting service. These actions confirm that the methods chosen were reasonably calculated to provide notice.

---

[10] *Id.* (internal quotations marks and citations omitted).

[11] *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

[12] *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002).

[13] *Tulsa Pro. Collection Servs., Inc. v. Pope*, 485 U.S. 478, 484 (1988).

## III.  CONCLUSION

It is therefore

ORDERED that Defendant Luann Uicker's Motion to Quash Service of Process (Docket No. 121) is DENIED. Ms. Uicker's responsive pleading is due within thirty (30) days of this Order.

SO ORDERED this 6th day of February, 2024.

PAUL KOHLER
United States Magistrate Judge