IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SC INDUSTRIAL HOLDINGS, LLC, a South Carolina Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN DEFENSE TECHNOLOGIES, LLC, a Utah Limited Liability Company; WILLIAM JOSEPH CARA LLC, a Delaware Limited Liability Company; WILLIAM UICKER, a Utah Citizen; and ALEXIS MCPHEETERS, a Utah Citizen,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND DENYING DEFENDANT LUANN UICKER'S REQUEST FOR HEARING<br><br><br><br>Case No. 4:22-cv-00075-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Plaintiff's Motion to Compel[1] and Defendant Luann Uicker's Request for Immediate Hearing Due to Failure of Representation.[2] For the reasons discussed below, the Court will grant the Motion to Compel and deny the Request for Hearing.

## I.  BACKGROUND

Plaintiff SC Industrial Holdings manufactures and sells ammunition composed of four parts: primer, case, powder, and bullet. Defendant American Defense Technologies ("ADT") manufactures and distributes a wide range of defense products with a core focus in small caliber ammunition.

---

[1] Docket No. 190.

[2] Docket No. 192.

1

In May 2022, Plaintiff placed a purchase order with ADT for 10 million pistol primers and 5 million rifle primers to be delivered in June. ADT allegedly failed to deliver all 10 million of Plaintiff's ordered pistol primers. Plaintiff allegedly paid the entire invoice amount before receiving the shipment, which contained only 5 million pistol primers. Between June 3 and August 26, 2022, ADT allegedly made several representations to Plaintiff that the remaining 5 million pistol primers would either ship by a date certain or that the extra amount paid ($362,500.00) would be refunded to Plaintiff. Neither happened.

Plaintiff filed an Amended Complaint on August 28, 2023.[3] In that Amended Complaint, Ms. Uicker was added as a defendant. Plaintiff brings claims against Ms. Uicker for theft by conversion, recovery of voidable transfers, alter ego, constructive trust, and unjust enrichment.

## II.  DISCUSSION

A.     MOTION TO COMPEL

Plaintiff filed its Motion to Compel on September 27, 2024. That Motion seeks to compel Ms. Uicker to attend her deposition as noticed and to require her to provide electronically stored information. Ms. Uicker filed a response on October 7, 2024.

### 1.     Luann Uicker's Deposition

On August 15, 2024, Ms. Uicker's counsel, Steven Sumsion, informed Plaintiff's counsel that William and Luann Uicker would be available to sit for their deposition in Florida during the week of October 14.[4] On August 27, 2024, Plaintiff moved to amend the scheduling order to

---

[3] Docket No. 86.

[4] Docket No. 190-1, at 18.

accommodate these depositions,[5] since fact discovery was previously due to close on August 29,

2024.[6] Also on August 27, 2024, Plaintiff noticed Luann Uicker's deposition for October 17,

2024, in Miami, Florida.[7] However, on September 9, 2024, Mr. Sumsion informed Plaintiff's

counsel that Ms. Uicker would be out of the country during this time, that she had sold her

property in Florida, that counsel would need to travel to Michigan to depose her, and that the

deposition would need to occur in late October.[8] Mr. Sumsion later suggested deposition dates

after the close of fact discovery.[9] Ultimately, the parties were unable to agree upon a date and

location for Luann's deposition, leading to the instant Motion.

Plaintiff has properly noticed Ms. Uicker's deposition as required by Fed. R. Civ. P.

30(b)(1). Ms. Uicker has not sought or received a protective order. Even if Ms. Uicker now seeks

a protective order, her deposition would not be stayed because she was required to file a motion

for protective order within three business days after service of the deposition notice.[10] As such,

Ms. Uicker's deposition can proceed as scheduled and the Court finds no basis to continue it.

Should Ms. Uicker choose not to appear at her deposition as scheduled, she may be subject

sanctions.[11]

---

[5] Docket No. 185.

[6] Docket No. 182.

[7] Docket No. 187.

[8] Docket No. 190-1, at 7.

[9] *Id.* at 2.

[10] DUCivR 30-1(d).

[11] Fed. R. Civ. P. 37(d)(1)(A).

### 2.    *Production of ESI*

Plaintiff also seeks an order compelling Ms. Uicker to comply with its Requests for

Production 11 and 12. In its requests, Plaintiff sought the electronically stored information

("ESI"), including all original metadata, for two agreements Ms. Uicker had produced in PDF

format with Bates numbers SBL000001-000008 and a hardcopy original of those documents.

Ms. Uicker refused to comply, arguing that these requests were unduly burdensome, overly

broad, and unnecessary. Ms. Uicker argued that she had already produced electronic copies of

these documents and need not produce the same documents in multiple forms. She also argues

that she is not in possession of the electronic versions of the agreements.

Rule 37(a)(3)(B)(iv) provides that a motion to compel may be made if "a party fails to

produce documents . . . as requested under Rule 34." Under Fed. R. Civ. P. 34(b)(1)(C), the

requesting party "may specify the form or forms in which electronically stored information is to

be produced." In responding to a request for ESI, the responding party may object to the

requested form,[12] and, further, "[a] party need not produce the same electronically stored

information in more than one form."[13]

With respect to RFP 11, Ms. Uicker's objection to providing metadata is without merit.

In the parties' initial scheduling order,[14] the parties agreed as to how they would handle ESI. Ms.

Uicker must produce the agreements in the agreed-upon format, as requested in RFP 11, or, if

---

[12] Fed. R. Civ. P. 34(b)(2)(D).

[13] Fed. R. Civ. P. 34(b)(2)(E)(iii).

[14] Docket No. 45.

she cannot, she must explain why she is unable to produce them and what steps have been taken to produce the requested discovery in the agreed-upon form.

As for RFP 12, Ms. Uicker need not produce the same ESI in more than one form. Therefore, she need not produce the original hardcopy.

A.      FAILURE OF REPRESENTATION

Ms. Uicker, through William Uicker, has requested a hearing due to a failure of representation by her counsel, Mr. Sumsion. Mr. Sumsion is counsel of record for Luann Uicker and has filed an answer[15] and a motion to dismiss[16] on her behalf.

In general, there is no constitutional right to counsel in civil cases.[17] Under 28 U.S.C. § 1915(e)(1), a district court may, in its broad discretion, appoint counsel to an indigent party in a civil case.[18] Here, there is nothing to suggest that Ms. Uicker is indigent. As such, Ms. Uicker has no constitutional or statutory right to appointed counsel in this case.

Since Ms. Uicker has retained Mr. Sumsion, she can terminate his representation if she is dissatisfied with his services. If she can afford it, Ms. Uicker can hire substitute counsel, or she may represent herself by filing a notice of appearance. The Court finds no need to conduct a hearing on this issue. Ms. Uicker will have to decide whether she wants Mr. Sumsion to continue to represent her, whether she wants to retain new counsel, or whether wants to proceed pro se.

---

[15] Docket No. 160.

[16] Docket No. 178.

[17] *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988).

[18] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Compel (Docket No. 190) is GRANTED as set forth above. It is further

ORDERED that Ms. Uicker's Request for a Hearing (Docket No. 192) is DENIED. It is further

ORDERED that Ms. Uicker respond to Plaintiff's request for expenses no later than October 14, 2024.

DATED this 8th day of October, 2024.

PAUL KOHLER
United States Magistrate Judge