IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SC INDUSTRIAL HOLDINGS, LLC, a South Carolina Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN DEFENSE TECHNOLOGIES, LLC, a Utah Limited Liability Company; WILLIAM JOSEPH CARA LLC, a Delaware Limited Liability Company; WILLIAM UICKER, a Utah Citizen; and ALEXIS MCPHEETERS, a Utah Citizen,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO FILE SUPPLEMENTAL DISCLOSURE STATEMENT UNDER SEAL<br><br><br>Case No. 4:22-cv-00075-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Paul Kohler |

On December 5, 2024, Defendant William Uicker was ordered to supplement his Rule 7.1(a)(2) disclosures to specify (1) the identity of all minority members of American Defense Technologies, LLC ("ADT") and (2) the identity and citizenship of each member of those minority members.[1] Defendant now moves to file this supplement under seal, arguing that such "disclosure contains proprietary information regarding the ownership and membership structure of American Defense Technologies, which is not publicly available" and that "[r]evealing this information would serve no public interest but could expose private individuals to unnecessary harm."[2]

---

[1] Docket No. 220.
[2] Docket No. 224.

1

"Courts have long recognized a common-law right of access to judicial records."[3] To overcome the presumption of access, the moving party "bears the burden of showing some significant interest that outweighs the presumption."[4] Concerns over potential reputational damage are insufficient.[5]

Mr. Uicker's Motion argues that sealing his disclosure is appropriate because the membership structure of ADT is not publicly available and revealing it could expose the individual members to unnecessary harm. Courts across the country have routinely denied similar requests.[6] While the Court appreciates Mr. Uicker's desire to shield the identity of the membership of ADT, the Court finds that he has failed to overcome the presumption of access. It is therefore

ORDERED that Defendant's Motion to File Supplemental Disclosure Statement Under Seal (Docket No. 224) is DENIED.

DATED this 13th day of December, 2024.

PAUL KOHLER
United States Magistrate Judge

---

[3] *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).

[4] *Id.* (internal quotation marks and citation omitted).

[5] *See Miller v. Fluent Home, LLC*, No. 2:20-CV-00641-JCB, 2020 WL 5659051, at *1–2 (D. Utah Sept. 23, 2020) (denying motion to seal despite defendant's claim of reputational harm).

[6] *See, e.g., Mayer v. Patriot Pickle Inc.*, No. 23-CV-1299, 2024 WL 162881, at *5 (W.D.N.Y. Jan. 16, 2024) (collecting cases).